## STATE OF CONNECTICUT *v.* PETER KLIMCZAK

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued December 4, 1969—decided March 18, 1970

*Ira B. Grudberg,* with whom was *David L. Belt,* for the appellant (defendant).

*Robert K. Walsh,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Richard P. Sperandeo* and *Dennis F. Gaffney,* assistant state's attorneys, for the appellee (state).

PER CURIAM. Upon a trial to a jury, the defendant was found guilty of the crime of conspiracy to commit theft of merchandise and money in excess of

$250 in violation of General Statutes § 54-197, and he has appealed from the judgment rendered on the verdict. It was the theory of the state that the defendant was the driver of the so-called "wheel car" or getaway car, which he operated for the purpose of driving two men, Andrew Banaszewski and Rocco A. Scali, to and from the scene of an attempted theft. The defendant was arrested at about 3:10 a.m., on October 11, 1964, and thereafter was taken to the Wallingford police department, where he was questioned at 9 a.m. on Monday, October 12, 1964, by state police Captain Robert Rundle. At this time the defendant was being held by the police in lieu of bond, had already been charged with a crime, and had retained and spoken to counsel. The state, at the trial, offered the questioning for the purpose of showing a consciousness of guilt, and the defendant objected thereto. After the court overruled the objection, Captain Rundle testified that he asked the defendant if he knew Scali and Bernski (the alias for Banaszewski) and that the defendant stated that he did not and further said: "Don't bother me." Evidence that he did know them was offered by the state.

It was an essential element of the state's case to prove beyond a reasonable doubt that the defendant intentionally participated in the conspiracy to commit theft with a view to the furtherance of the criminal purpose or design. *State* v. *McLaughlin*, 132 Conn. 325, 333, 44 A.2d 116. The denial by the defendant that he knew the alleged coconspirators warranted an inference of consciousness of guilt and must be conceded to be evidence of "guilt itself." 2 Wigmore, Evidence (3d Ed.) § 276. Its admission into evidence therefore may have been a critical factor in the jury's finding of participation by the

defendant in the conspiracy. *United States ex rel. O'Connor* v. *New Jersey,* 405 F.2d 632, 638 (3d Cir.). Under the unique circumstances of the present case, the defendant was entitled, at the time of the questioning, to the assistance of his counsel, but, in violation of the sixth amendment to the federal constitution, he was not provided with such assistance. See *Escobedo* v. *Illinois,* 378 U.S. 478, 485–86, 84 S. Ct. 1758, 12 L. Ed. 2d 977; *Massiah* v. *United States,* 377 U.S. 201, 205–206, 84 S. Ct. 1199, 12 L. Ed. 2d 246. Moreover, the words "don't bother me" are equivalent to an assertion of the fifth amendment privilege.

There is error, the judgment is set aside and a new trial is ordered.