PER CURIAM.
John McCaa appeals his conviction and sentence for attempted second degree murder. The sole issue is the admissibility of certain incriminating statements made by McCaa following his arrest. We find that the trial court properly ruled those statements admissible, and affirm.
The offense occurred during a barroom brawl in which McCaa also was injured. A detective attempted to read McCaa his Miranda rights while the latter was undergoing treatment at a hospital emergency room. McCaa acknowledged that he was not required to answer questions if he did not want to. Shortly thereafter he told the detective to “just get the hell out.” Even so, the discussion continued. Eventually McCaa admitted shooting the victim, stating that it was “a dumb thing” and he should not have done it.
McCaa now contends that the detective, by continuing questioning after being told to “get the hell out,” did not “scrupulously honor” McCaa’s “right to cut off question *383 ing.” Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). Cited as particularly on point is a Connecticut case which predates Mosley, wherein the accused told investigating officers, “Don’t bother me.” State v. Klimczak, 159 Conn. 608, 268 A.2d 372 (1970).
The state responds with examples of its own of what are described as “ambiguous exercises of the right to remain silent.” For example, in Reeves v. State, 241 Ga. 44, 243 S.E.2d 24, cert. denied, 439 U.S. 854, 99 S.Ct. 165, 58 L.Ed.2d 160 (1978), the court found a suspect’s declaration, “I ain’t saying nothing,” was, when viewed in context, “plainly not an attempt to cut off questioning.” Although the state concedes that MpCaa’s statement was “seemingly unequivocal,” they point out that it was uttered “in the middle of questioning to which the defendant was being responsive and, more importantly, in the middle of a brief deviation from responsiveness in which the defendant was expressing agitated feelings rather than a reasoned exercise of a constitutional right.”
This is consistent with the trial court’s specific finding that McCaa’s remark, “taken in context ... was not intended as a cessation of the interrogation.” A review of the entire conversation leading up to the actual questioning about the crime demonstrates that this finding is sustainable:
DETECTIVE CAMPBELL: This is Detective Chuck Campbell. I’m at the Naples Community Hospital. The time is 10:47 p.m.
MR. McCAA: Officer, I want to know one thing. I want to know that Lee County Officer told me he was gonna kick my face in. And I want to know where my wallet is with $2,500 in it.
DETECTIVE CAMPBELL: Okay. We’ll take care of it.
MR'. McCAA: Please.
DETECTIVE CAMPBELL: Okay.
MR. McCAA: He’s on dope. Fat, chubby, bald headed son of a bitch.
DETECTIVE CAMPBELL: Let me go with this.
MR. McCAA: But I want his ass.
DETECTIVE CAMPBELL: Okay. Listen. I’m gonna read you—
MR. McCAA: He told me he was gonna kick—
DETECTIVE CAMPBELL: Let’s start over. It is 8/2/87. I’m at Naples Community Hospital. The time is 10:48 p.m. Would you give me your full name, sir?
MR. McCAA: Yes. My name is John Irving McCaa.
DETECTIVE CAMPBELL: Your birthday?
MR. McCAA: 3/14/35. I’m 53 years old.
DETECTIVE CAMPBELL: Okay.
MR. McCAA: I’ve never caused anybody any problems.
DETECTIVE CAMPBELL: Listen to me a minute. I’m gonna read you what’s called your Miranda warnings.
MR. McCAA: Never hurt anybody in my life.
DETECTIVE. CAMPBELL: Listen to me. Because you have the right to remain silent. Do you understand that?
MR. McCAA: Yes, sir.
DETECTIVE CAMPBELL: Anything you say can or will be used against you in a court of law; do you understand that?
MR. McCAA: Yes.
DETECTIVE CAMPBELL: You have a right to have a lawyer, and have him present with you while you are being questioned; do you understand that?
MR. McCAA: No. I don’t want one. I don’t want one. No.
DETECTIVE CAMPBELL: Do you understand that?
MR. McCAA: I don’t want nothing.
DETECTIVE CAMPBELL: Do you understand that?
MR. McCAA: Man, just get the hell out.
DETECTIVE CAMPBELL: If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish; do you understand that?
MR. McCAA: I understand everything you’re saying.
*384 DETECTIVE CAMPBELL: That’s good.
MR. McCAA: I know.
DETECTIVE CAMPBELL: You can decide at any time that you—
MR. McCAA: But you ain’t doing a damn thing about them son of bitches beat the shit out of me.
DETECTIVE CAMPBELL: That officer’s working on it. You can—
MR. McCAA: That’s the sucker that kicked me—
DETECTIVE CAMPBELL: Listen to me. I’ll start over on No. 4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish. Do you understand that?
MR. McCAA: Yes.
DETECTIVE CAMPBELL: Can — you can decide at any time to exercise these rights and not answer any questions or make any statements. Do you understand that?
MR. McCAA: Yes.
DETECTIVE CAMPBELL: Do you understand each of the rights that I have explained to you?
MR. McCAA: Yes.
DETECTIVE CAMPBELL: Having these rights in mind, do you wish to talk to me?
MR. McCAA: I have.
DETECTIVE CAMPBELL: Just yes or no.
MR. McCAA: I'd like to talk to you if you’ll talk.
Affirmed.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.