No. 45,447

STATE OF KANSAS, *Appellee,* v. WILLIAM EARL BOWMAN, *Appellant.*

(461 P. 2d 735)

Opinion filed December 6, 1969.

*Carl N. Kelly,* of Wichita, argued the cause and was on the brief for the appellant.

*Richard K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney and *Donald Foster,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction on numerous felony charges.

The facts may be briefly narrated.

In the first part of August, 1967, the appellant, William Bowman, met with George Mott and Ronald Braswell in a park in Denver, Colorado. They discussed making some quick, fast money and decided to come to Wichita, Kansas, in George Mott's automobile. After arriving in Wichita, Braswell found two local people, Ricky Ringo and William Brunette, to assist them. They all took up residence at the Tower Motel on Tuesday, August 15, 1967. On Friday, August 18, 1967, after having looked over the town, Braswell went to the W. W. Grinder Co. on the pretense of inquiring about a job, but in actuality he was looking the building over for burglar alarms and easy access. At approximately 8:30 p. m. of the same day, Mott, Bowman and Braswell left the Tower Motel and drove to the W. W. Grinder Company. Bowman and Braswell broke into the building and stole several checks, a check protector and a notary seal while Mott waited in the car. They returned to the motel and the five of them began making out checks.

The next morning Mott and Bowman took Brunette to a grocery store to cash one of the checks. The clerk became suspicious and

called the police who apprehended Brunette at the store. Brunette gave a description of Mott's car which had left him abandoned and Mott and Bowman were apprehended a few minutes later. Ringo and Braswell were also apprehended. They were all taken to the police station and interviewed individually. Ringo, Brunette, and Braswell admitted their participation, but Mott and Bowman remained silent.

Bowman was charged with and found guilty of second degree burglary, larceny, second degree forgery and attempted uttering. He was sentenced under the Habitual Criminal Act.

The defendant has appealed. Although the appeal is challenged because there was a few days delay in filing, we feel it is for the best interest of all parties that the constitutional questions be determined at the earliest opportunity and, therefore, pass the procedural question.

The appellant contends that his constitutional rights were violated by admitting in evidence the testimony of a police officer to the effect that the appellant remained silent while being confronted with the incriminating statements of an alleged accomplice.

The facts surrounding this alleged error are not in dispute.

At the time of his arrest, the appellant informed the arresting police officers "that he wasn't talking without an attorney." However, after the appellant and his alleged accomplices were taken to the police station, a police detective brought all five of them together and questioned them in an attempt to establish a sequence of events. The detective was permitted to testify that at this custodial inquisition the appellant made no comment when confronted with the incriminating statements of one of the alleged accomplices. The alleged accomplice testified for the state when the case came to trial.

We are forced to conclude that the admission of the detective's testimony was error. Under the above facts a statement made by the appellant would not have been admissible. (*State v. Lekas*, 201 Kan. 579, 442 P. 2d 11.) If a statement of the appellant could not have been used against him, how could the fact that he refused to make a statement or denial without the advice of an attorney be used against him?

In *State v. Dearman*, 198 Kan. 44, 422 P. 2d 573, we stated at page 46 of the opinion:

"Thus, when the appellant was placed under arrest by the officers in this case and said he wanted to see a lawyer, he was exercising a federal constitu-

tional right. At this juncture he also had the constitutional right to remain silent.

" . . . A similar case was before the United States Court of Appeals, First Circuit, in *Fagundes v. United States,* 340 F. 2d 673 (1965). There the court said:

" ' . . . Thus when Fagundes said when he was arrested and hand-cuffed that he wanted to see a lawyer he was exercising a federal constitutional right. And certainly at that juncture he had the constitutional right to keep silent. . . . His assertion of one constitutional right, his right to counsel, and his reliance upon another constitutional right, his right to remain silent when charged with crime, we think cannot be used against him substantively as an admission of guilt, for to do so would be to render the constitutional rights mere empty formalities devoid of practical substance. . . .' (p. 677.)

"We think the foregoing decision is persuasive and hold that evidence disclosing that one charged with crime has asserted his constitutional right to counsel, and his constitutional right to remain silent, cannot be used against him substantively as an admission of guilt."

The federal decisions are to the effect that the prosecution may not use at a trial the fact that an individual stood mute, or claimed his privilege against self-incrimination, in the face of an accusation made at police custodial interrogation. (*Miranda v. Arizona,* 384 U. S. 436, 16 L. ed 2d 694, 86 S. Ct. 1602, 10 A. L. R. 3d 974.)

When appellant stated that he was not talking without an attorney, the state could not by police custodial interrogation of appellant and his alleged accomplices compel him to talk or use his silence against him. (*Escobedo v. Illinois,* 378 U. S. 478, 12 L. ed 2d 977, 84 S. Ct. 1758.)

We are forced to conclude that when an accused refuses to talk without the advice of an attorney the investigating officers cannot, by forcing him to listen to statements of an alleged accomplice, use his failure to deny incriminating statements as evidence of his guilt.

The appellant also challenges the use of a previous conviction as evidence on the ground that there was no showing that he was provided with counsel. The record is not clear on this issue. The appellant's challenge should forewarn the prosecution if evidence of the previous conviction is to be presented at the hearing on the new trial.

The judgment is reversed and the case remanded with instructions to grant a new trial.

APPROVED BY THE COURT.