THOMAS EUGENE SHEPP, APPELLANT, *v.* STATE OF NEVADA, RESPONDENT.

No. 6076

April 28, 1971                          484 P.2d 563

*H. Dale Murphy,* Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Shepp was indicted in three counts for the crimes of burglary committed on May 30, 1969 (Count 1); burglary committed on May 28, 1969 (Count 2); and receiving stolen property committed on May 30, 1969 (Count 3). He was convicted by a jury on all three counts, but the court granted his motion for

a new trial on the charge of receiving stolen property. He was sentenced to ten years in the Nevada State Prison on each of the burglary counts, the sentences to be served concurrently. This appeal presents several claims of error, some challenging all three convictions, and others relating solely to the validity of the convictions on Counts 2 and 3. We turn first to consider the alleged errors running to all convictions.

1. (A) During presentation of the State's case in chief a police officer testified, in substance, that the defendant, while in custody and after being advised of his rights, chose to remain silent rather than to respond to interrogation. Objection was not interposed to such testimony until after each side had rested its case at which time, in the judge's chambers, defense counsel moved to strike the same. It is apparent that a timely challenge to such testimony was not made and need not now be considered. Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970).

Even though this claim of error was not properly preserved for our attention, it is worthwhile to observe that when timely objection is made some courts deem the reception of such evidence to be reversible error. State v. Brown, 176 N.W.2d 16 (Neb. 1970); State v. Klimczak, 268 A.2d 372 (Conn. 1970); State v. Bowman, 461 P.2d 735 (Kan. 1969). Those courts consider Miranda v. Arizona, 384 U.S. 436 (1966), to forbid reference to the fact that the privilege to remain silent was claimed in the face of custodial interrogation, and reverse without regard to the rule of harmless error.

In our view a mere passing reference to such silence, without more, does not mandate an automatic reversal. The consequences should be governed by a consideration of the trial as a whole. In this case, the prosecutor did not refer to, emphasize or elaborate upon this aspect of the officer's testimony. Moreover, the defendant testified fully at the trial. Thus, any possible prejudicial inference to be drawn from the officer's comment upon the defendant's failure to respond to custodial questioning loses significance in the face of the detailed, lengthy testimony offered by the defendant in court before the jury. Indeed, the jury permissibly could infer that had the defendant responded to pretrial interrogation, his responses would substantially conform to his testimony at trial. Thus, had timely objection been made we would find the evidence harmless in this case. NRS 178.598.

182

(B) The defendant was not allowed to testify as to the reason he was in Reno when the offenses occurred. If allowed, he would have related his marital difficulties and state of mental depression. The excluded testimony was innocuous and probative of nothing. The court did not err.

2. (A) Count 3 charged Shepp with having received property stolen by him during the commission of the burglary charged in Count 2. Since a thief cannot receive from himself the fruits of his larceny, the jury must be instructed that it could convict of either burglary or receiving, but not of both. People v. Taylor, 40 P.2d 870 (Cal. 1935); People v. Morales, 69 Cal.Rptr. 553 (1968); Milanovich v. United States, 365 U.S. 551 (1961); Thomas v. United States, 418 F.2d 567 (5 Cir. 1969); Baker v. United States, 357 F.2d 11 (5 Cir. 1966). Such an instruction was requested but the court declined to give it. This was error, and later acknowledged by the court to be such when it set aside the receiving conviction and ordered a new trial on that charge. The appellate issue is whether that manner of handling the error effectively cured it.

The error was not cured by the setting aside of the receiving conviction since there is no way of knowing whether a properly instructed jury would have found the defendant guilty of burglary, Count 2, or receiving, Count 3. Milanovich v. United States, supra. Both convictions should have been set aside and a new trial ordered.

(B) A guitar, a jewelry box, and some jewelry were received in evidence over the objection of defense counsel that they were obtained as a result of an unconstitutional search and seizure of the defendant's car at the Sparks Police Department impound lot. Those items apparently were taken during the May 28, 1969 burglary charged in Count 2, and were probative of that charge and of the receiving charge, Count 3, as well.

The guitar was in plain view in the back seat of Shepp's car and was seized during the course of an inventory of the car's contents. This was permissible. Hughes v. State, 86 Nev. 584, 471 P.2d 245 (1970), re items in plain view; Heffley v. State, 83 Nev. 100, 423 P.2d 666 (1967), re inventory search. The jewelry box and jewelry were found in the car several days later during a search in which the defendant's wife had consented. Prior to giving her written consent to search, the

defendant had authorized the police to release the car to her. She thus enjoyed the right to possession and control of the car, and enjoyed the implied authority to consent to an invasion of her husband's privacy. Sartain v. United States, 303 F.2d 859 (9 Cir. 1962); United States v. Eldridge, 302 F.2d 463 (4 Cir. 1962); Cf. Corngold v. United States, 367 F.2d 1 (9 Cir. 1966). In these circumstances the search was not unreasonable within the prohibition of the Fourth Amendment.

3. A final assignment of error, relevant only to the burglary convictions, attacks the instruction based upon NRS 205.065 that one who unlawfully enters a building is deemed to have entered with the intent to commit larceny or a felony unless such unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent. We have denied this attack in several recent cases [Fritz v. State, 86 Nev. 655, 474 P.2d 377 (1970), and the cases therein cited] and once more do so.

The conviction of burglary, Count 1, is affirmed; the conviction of burglary, Count 2, is reversed; the order granting a new trial for receiving stolen property, Count 3, is affirmed.

Zenoff, C. J., Batjer, Mowbray, and Gunderson, JJ., concur.