OPINION
 

 Per Curiam:
 

 This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count of burglary in violation of NRS 205.060, and one count of possession of stolen property in violation of NRS 205.275. The district court sentenced appellant to serve two consecutive terms of ten years in the Nevada State Prison.
 

 The facts of this case are undisputed. Appellant entered a house with the intent to commit larceny therein, and did commit larceny therein. Appellant was convicted for both burglarizing the house, and for possessing the property he stole from within the house.
 

 On appeal, appellant contends that he cannot be convicted of
 
 *745
 
 both burglary for entering the house with the intent to steal property and of possessing the property he stole from within the house. Appellant relies primarily on Shepp v. State, 87 Nev. 179, 182, 484 P.2d 563, 564-565 (1971), in which this court held: “Since a thief cannot receive from himself the fruits of his larceny, the jury must be instructed that it could convict of either burglary or receiving, but not of both.”
 

 In reaching this conclusion this court relied upon Milanovich v. United States, 365 U.S. 551 (1961).
 
 Milanovich
 
 holds that it is error for a trial court to fail to charge the jury that it cannot convict a defendant of both larceny and receiving stolen property arising out of the same incident.
 
 Id.
 
 at 555. The United States Supreme Court has reasoned that it is improper to “pyramid penalties” for the offense of receiving the fruits of one’s own theft because the legislature in enacting the proscription against receipt and possession was “trying to reach a new group of wrongdoers, not to multiply the offense of the . . . robbers themselves.” Heflin v. United States, 358 U.S. 415, 419-420 (1958).
 

 We conclude today that our reliance upon
 
 Milanovich
 
 in
 
 Shepp
 
 was misplaced.
 
 Milanovich
 
 and
 
 Heflin
 
 do not address whether a person can be convicted of both burglary and receiving property arising out of the same incident. Rather,
 
 Milanovich
 
 addressed larceny and receiving property, while
 
 Heflin
 
 addressed bank robbery and receiving stolen property. The distinction that should have been made in
 
 Shepp
 
 is that robbery and larceny are both theft crimes, but burglary is not. A burglary is complete upon the trespassory entrance into a building or vehicle with the intent to commit a felony, larceny, assault, or battery therein.
 
 See
 
 NRS 205.060; Jones v. State, 95 Nev. 613, 600 P.2d 247 (1979). Further, burglary does not merge with any crime committed during the commission of the burglary. NRS 205.070. When any felony is committed after a building is entered with the specific intent to commit a felony, the perpetrator has committed both burglary and the subsequent felony and may be charged and sentenced for both offenses. Sheriff v. Stevens, 97 Nev. 316, 630 P.2d 256 (1981).
 

 Thus, a person can be convicted of burglary and kidnapping, or of burglary and grand larceny, which arise out of the same incident. However, under
 
 Shepp
 
 a person cannot be convicted of burglary and possessing stolen property which arise out of the same incident. This result is logically inconsistent. There is no rational justification for allowing conviction for burglary and larceny, but not allowing conviction for burglary and possession of stolen property.
 

 
 *746
 
 In Point v. State, 102 Nev. 143, 146, 717 P.2d 38, 41 (1986), this court faced the exact question addressed by the United States Supreme Court in
 
 Milanovich.
 
 Point was convicted of burglary, larceny, and possession of stolen property. Point had entered a house with the intent to commit larceny therein, had stolen property therein, and had possessed the same stolen property. This court upheld Point’s convictions for burglary and larceny, but overturned his conviction for possessing stolen property. Relying on
 
 Milanovich,
 
 this court held that it was error to convict Point for both larceny and possessing the fruits of the larceny:
 

 In the absence of any legislative intent to the contrary, we similarly refuse to attribute to the Nevada Legislature an intent to compound the punishment for larceny, robbery or embezzlement by permitting convictions for the receipt or possession of stolen property against the one who took the property in the first instance. . . .
 

 . . . The jury should have been instructed that they could convict defendant of either theft or possession, but not both.
 

 Id.
 
 at 147,
 
 717
 
 P.2d at 41. Unlike
 
 Shepp, Point
 
 realizes the proper scope of the reasoning in
 
 Milanovich;
 
 absent legislative intent to the contrary, a person cannot be convicted of
 
 a theft crime
 
 and possessing or receiving the property stolen in the commission of that theft crime.
 

 This reasoning, however, does not apply to burglary because burglary is not a theft crime. The essence of the offense of burglary is the violation of a building or vehicle with the intent to commit certain crimes therein. Punishing a burglar for also possessing property stolen during the burglary is not pyramiding penalties for the same offense, but is separate punishment for separate and distinct offenses. Unlike larceny or robbery, burglary does not necessarily include possessing stolen property. Nevertheless, in addition to correctly holding that Point could not be convicted of theft and possessing the fruits of his theft, this court noted that:
 

 We have accordingly required a new trial on burglary and receiving stolen property charges where an instruction in accordance with
 
 Milanovich
 
 was not given and there was no way of knowing whether a properly instructed jury would have found the defendant guilty of burglary or receiving. Shepp v. State, 87 Nev. 179, 484 P.2d 563 (1971).
 

 Point,
 
 102 Nev. at 146, 717 P.2d at 41.
 

 Accordingly, we conclude today that
 
 Shepp
 
 was decided erroneously, and we overrule
 
 Shepp.
 
 Further, we disapprove any
 
 *747
 
 language in
 
 Point
 
 that is inconsistent with this opinion. We hold that a person who commits burglary by entering a vehicle or building with the intent to commit an enumerated crime therein, who commits a theft crime therein, and who possesses or receives the fruits of that theft: (1) may be convicted of both burglary and the theft crime; or (2) may be convicted of both burglary and possessing or receiving stolen property. That person may not be convicted, however, of both the theft crime and possessing or receiving stolen property.
 

 Finally, appellant further contends that: (1) he was denied a fair sentencing because the judge relied on impalpable or highly suspect evidence; (2) the district court erred when it considered appellant’s criminal history in imposing consecutive sentences because the district court had already utilized his criminal history to sentence appellant to the maximum terms of ten years on each count; (3) the district court erred in imposing consecutive sentences because possession of stolen property is a lesser included offense of burglary; and (4) the state did not meticulously adhere to the spirit of the plea bargain. We have considered appellant’s contentions and find them to be without merit. Accordingly, we affirm appellant’s conviction and sentence.