# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ELVIN TURNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62461

FILED

NOV 04 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant raised numerous claims in this appeal. We conclude that his robbery conviction must be reversed due to cumulative error. Before addressing that matter, we first resolve his claim that insufficient evidence supports his conviction. Our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence shows that while the victim in this case stood near a bus station, the perpetrator asked to use his cell phone. The victim answered that his cell phone was not working. After which, the perpetrator asked the victim for $1. The victim said that he did not have a $1. Moments later, the perpetrator struck the victim twice in the face with his closed fist. The victim fell to the ground and his cell phone landed on the ground a few feet from him. The perpetrator picked up the cell phone and walked away. Appellant was apprehended a few blocks

14-36452

away based on the victim's description of the suspect. The victim's cell phone was found in appellant's shorts pocket. The victim identified appellant as the perpetrator in a show-up identification. The jury could reasonably infer from this evidence that appellant was guilty of robbery. *See* NRS 200.380. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Appellant argues that cumulative error requires reversal of his conviction. We conclude that he has demonstrated that the cumulative effect of three instances of trial error warrants reversal of his robbery conviction. "The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002); *see Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000) (stating factors to consider in assessing cumulative error).

First, appellant argues that the district court erred by denying his motion to suppress evidence obtained through an unlawful seizure of his person. We review the district court's decision as a mixed question of law and fact. *Hernandez v. State*, 124 Nev. 639, 646, 188 P.3d 1126, 1131 (2008). The district court's factual findings are reviewed for clear error, but the legal consequences of those factual findings are reviewed de novo. *Somee v. State*, 124 Nev. 434, 441, 187 P.3d 152, 157-58 (2008). In particular, appellant contends that his detention by the police was not based on reasonable suspicion under *Terry v. Ohio*, 392 U.S. 1 (1968), because his physical appearance did not match the description of the

SUPREME COURT
OF
NEVADA

(O) 1947A

2

suspect the victim gave to the 911 operator. The victim described his attacker as a black male, 61 inches tall, 140 pounds, approximately 18 years old, and wearing a gray sweatshirt. Appellant was described at trial as a black male, 66 inches tall, 190 to 250 pounds, and "doesn't look like a teenager." When he was detained, appellant was wearing a gray sweatshirt and was found about three to four blocks away from the scene of the robbery shortly after it occurred, and was walking in the direction of travel described by the victim. In ruling on the motion, the district court acknowledged that there were "significant differences" between appellant and the description in terms of weight and height but that the general description of a black male wearing a gray sweatshirt in the vicinity of the robbery was sufficiently "specific and narrow" to support an investigative stop.

"In determining the reasonableness of a stop, the evidence is viewed under the totality of the circumstances and in the context of the law enforcement officer's training and experience." *State v. Rincon*, 122 Nev. 1170, 1173-74, 147 P.3d 233, 235 (2006). Although "[r]easonable suspicion is not a stringent standard," it requires "more than a police officer's hunch." *Id.* at 1173, 147 P.3d at 235. "A law enforcement officer has a reasonable suspicion justifying an investigative stop if there are specific, articulable facts supporting an inference of criminal activity." *Id.*; *see* NRS 171.123(1). We conclude that the stop was not reasonable under the circumstances here. There was a significant disparity between the victim's description of the assailant and appellant's physical appearance. Commonality between those two things was limited to general attributes—race, gender, and an unremarkable gray sweatshirt. That appellant happened to be in the vicinity of the robbery not long after the

crime occurred does not assuage our concerns about the reasonableness of the stop. In some respects this case is similar to *United States v. Brown*, 448 F.3d 239 (3d Cir. 2006). In that case, a police radio broadcast identified robbery suspects as African-American males between 15 and 20 years old, wearing dark, hooded sweatshirts, 6' and 5'8" tall, and traveling in a particular direction. *Brown*, 448 F.3d at 246-52. The description of the suspects varied notably from the appearance of the defendant and his companion, who were 28 and 31 years old respectively and had full beards—the victim's description made no mention of facial hair. *Id.* The court concluded that a police officer did not have reasonable suspicion that the defendant and his companion might have been robbery suspects, as required for a *Terry* stop, in part because the suspect descriptions were "excessively general" and "the match of [the defendant and his companion] to even this most general description was hardly close." *Id.* at 248, 252. The same can be said here. Considering the totality of the circumstances, we cannot say that the stop of appellant was based on reasonable suspicion and therefore we conclude that the district court erred by denying appellant's motion to suppress.

Second, appellant argues that witnesses improperly commented on his post-*Miranda* right to remain silent in violation of his due process and Fifth Amendment rights. Specifically, he complains about Officer Sittre's testimony that after he read appellant his *Miranda* rights, he "tried to ask [appellant] a question but it's like he didn't even pay attention to me" and Officer Wagner's testimony that he asked appellant if appellant spoke Spanish and "at this point [appellant] didn't want to answer any other questions or he became extremely uncooperative at this point." "It is constitutionally impermissible to admit evidence of a

defendant's invocation of his fifth amendment right to remain silent." *Aesoph v. State*, 102 Nev. 316, 321, 721 P.2d 379, 382 (1986). We conclude that the challenged testimony is improper and represents more than a mere passing reference to post-*Miranda* silence, *see Shepp v. State*, 87 Nev. 179, 181, 484 P.2d 563, 564 (1971), *overruled on other grounds by Stowe v. State*, 109 Nev. 743, 746, 857 P.2d 15, 17 (1993). This error considered cumulatively with the improper investigative stop and the prosecutorial misconduct, explained below, substantially affected appellant's rights. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (observing that this court may review unpreserved issues for plain error affecting defendant's substantial rights).

Finally, appellant contends that the prosecutor committed multiple instances of misconduct during voir dire and closing argument.

Appellant first contends that the prosecutor suggested that he needed to present evidence. During voir dire, defense counsel presented a hypothetical to the jurors about how to go about determining which of two children smeared ink on a classroom wall. In the hypothetical, a juror concluded that if guilt could not be determined, both children must clean the wall. Defense counsel explained that outside the courtroom that resolution works but that inside the courtroom, jurors must determine whether a person is guilty or innocent. The prosecutor referred to this hypothetical during rebuttal closing argument:

> The defense has argued to you that some other guy did it. Somebody robbed [the victim] but it's not the Defendant. So I want to go back to [counsel's] example again. And let's say you—now you say, Timmy, show me your hands. And Timmy has ink all over his hands. So you say, uh-huh, Timmy you're the guilty party. You smeared ink all over that wall. And Timmy says to you,

SUPREME COURT
OF
NEVADA

(O) 1947A

5

well, no, not really; actually what happened was before you came into the classroom Mickey smeared ink all over my hands and then he washed his hands, that's why there is ink all over my hands; you just didn't see it. Now is it possible. Yeah. Is it plausible? . . . To solve this case . . . I ask you to follow the ink. . . the ink is all over the Defendant's hands.

Appellant argues that these comments suggested to the jury that he needed to present evidence or present an explanation for the evidence against him. "It is a fundamental principle of criminal law that the State has the burden of proving the defendant guilty beyond a reasonable doubt and that the defendant is not obligated to take the stand or produce any evidence whatsoever." *Barron v. State*, 105 Nev. 767, 778, 783 P.2d 444, 451 (1989). The jury could very well have inferred from the challenged comments that appellant had a burden to produce evidence or otherwise explain away the evidence against him. Accordingly, the comments were improper.

Appellant next argues that the prosecutor improperly asked the jury to be fair to the victim by not holding any mistakes made by the police in investigating the robbery against the victim. A prosecutor may not appeal to the jury to be fair to the victim. *See Rose v. State*, 123 Nev. 194, 210, 163 P.3d 408, 419 (2007); *Jones v. State*, 101 Nev. 573, 577, 707 P.2d 1128, 1131 (1985). The challenged comment entreated the jurors to be fair to the victim in this case and was clearly outside the bounds of proper argument.

Finally, appellant contends that the prosecutor misstated the evidence arguing that although appellant did not match the physical description provided by the victim in the 911 call, the victim "did get some descriptions right, gray sweatshirt, blue shorts, and he remembered the

black thing on his head." He complains that the prosecutor's statement was wrong because the victim did not mention the color of the suspect's pants or that the suspect wore something on his head. In the 911 call, the victim did not mention the type or color of pants that appellant was wearing. The challenged argument is a misstatement of the evidence and was therefore improper. *See Rose*, 123 Nev. at 209, 163 P.2d at 418.

We recognize that appellant failed to preserve his claims regarding improper comments about his post-*Miranda* right to remain silent and prosecutorial misconduct. *See Patterson v. State*, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995). However, the cumulative effect of those errors and the improper investigative stop substantially affected appellant's rights. Therefore, we conclude that appellant's robbery conviction must be reversed. Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Douglas

_____, J.
Cherry

HARDESTY, J., dissenting:

In my view, reversal of appellant's conviction based on cumulative error is not justified.

---

[1]Because we reverse appellant's conviction, we need not consider his remaining claims of error.

The majority first concludes that the district court erred by denying appellant's motion to suppress because his detention by the police was not based on reasonable suspicion under *Terry v. Ohio*, 392 U.S. 1 (1968), considering the significant disparity between the victim's description of the assailant and appellant's physical appearance. I disagree. The reasonableness of a stop is determined by the totality of the circumstances and in the context of the police officer's experience and training. *State v. Rincon*, 122 Nev. 1170, 1173-74, 147 P.3d 233, 235 (2006). Here, moments after the robbery, the police officer received information describing the perpetrator as a black male of a certain weight, height, and age, wearing a gray sweatshirt and traveling in a particular direction. When detained shortly after the robbery, appellant, a black male, was wearing a gray sweatshirt and was found about three to four blocks away from the scene of the robbery walking in the direction of travel described by the victim. While the victim's physical description of the assailant differs from appellant's appearance is some respects—most notably age and weight—appellant matched the description in terms of race, gender, clothing, and direction of travel.

At trial, the police officer testified that what stood out to him when he stopped appellant was appellant's gray sweatshirt, the fact that no one else in the area matched the suspect's description, and appellant was in close proximity to the robbery and traveling in the direction described by the victim. The police officer acknowledged that physical descriptors of a suspect are important but that descriptors such as weight, height, and age are dependent upon a person's perception. He explained that even where the physical description of a suspect may not match a victim's description in all respects, he nevertheless had a duty to

investigate. The police officer's testimony shows that his decision to stop appellant was not based on a "hunch" but on "specific, articulable facts supporting an inference of criminal activity." *See id.* at 1173, 147 P.3d at 235; *see also United States v. Arvizu*, 534 U.S. 266, 273 (2002) (concluding that while officers must have a particularized basis to detain an individual, they must be allowed to "draw on their own experience and specialized training to make inferences from deductions about the cumulative information available to them that might well elude the untrained person" (internal quotation marks omitted)); *United States v. Cortez*, 449 U.S. 411, 417-18 (1981) (observing that reasonable suspicion is an "elusive concept," but it demands that the totality of the circumstances show that "the detaining [police] officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity"); NRS 171.123(1); *Proferes v. State*, 116 Nev. 1136, 1139, 13 P.3d 955, 957 (2000) (concluding that "[a] police officer may stop and detain a suspect for questioning regarding possible criminal behavior," but that "[t]here must be some objective information to support a reasonable suspicion connecting the person to criminal activity"), *overruled on other grounds by Rosky v. State*, 121 Nev. 184, 111 P.3d 690 (2005). Considering the totality of the circumstances, I conclude the investigative stop in this case did not offend the Constitution and the district court properly denied appellant's motion to suppress.

In addition to appellant's challenge to the investigative stop, the majority concludes that cumulative error justifies reversing appellant's conviction based on three claims of error. I must disagree. The first claim of error concerns appellant's contention that two police officers improperly commented on his post-*Miranda* right to remain silent.

The challenged comments were nothing more than passing references to appellant's right to remain silent and they were not elicited by the prosecution. *See Shepp v. State*, 87 Nev. 179, 181, 484 P.2d 563, 564 (1971); *cf. Diomampo v. State*, 124 Nev. 414, 427-28, 185 P.3d 1031, 1040 (2008); *Vipperman v. State*, 92 Nev. 213, 216, 547 P.2d 682, 684 (1976). The fleeting references made here are insufficient to support reversal based on cumulative error or any other ground for that matter. The second claim of error relied upon by the majority concerns challenges to three comments made by the prosecutor during voir dire and closing argument. Respecting the prosecutor's reference to defense counsel's hypothetical, the challenged comments merely reminded the jurors to use their common sense and to draw reasonable inferences from the evidence presented. That the jury inferred from those comments that appellant had a burden to present evidence, as he suggests, is speculative at best— particularly where the jury was instructed on the prosecution's burden to prove appellant's guilt beyond a reasonable doubt. The remaining two challenged comments, while improper, were not so significant that they produced cumulative prejudice.

When determining whether the cumulative error requires reversal of a conviction, we focus on three considerations: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of crime charged." *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000). While appellant was convicted of a serious crime, the issue of his guilt was not close and the quantity and character of the errors shown—witnesses' passing reference to appellant's post-*Miranda* right to remain silent and two improper arguments by the prosecutor—pale in comparison to the overwhelming evidence of guilt in this case. The

SUPREME COURT
OF
NEVADA

(O) 1947A

10

evidence presented to the jury showed that the robbery victim identified appellant as the perpetrator in a show-up identification shortly after the robbery and the victim identified appellant at trial as the person who hit him in the face twice and absconded with his cell phone. And most incriminating, the victim's cell phone was found on appellant's person when he was apprehended shortly after the robbery. The record simply does not support reversing appellant's conviction on the basis of cumulative error or for any other reason. Therefore, I would affirm the judgment of conviction.

_____, J.
Hardesty

cc: Hon. Valerie Adair, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk