140 Nev., Advance Opinion 79

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN PAUL ALVAREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 86331

**FILED**

DEC 19 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to jury verdict, of residential burglary, conspiracy to commit burglary, and grand larceny. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

*Affirmed in part, reversed in part, and remanded.*

Katheryn Hickman, Alternate Public Defender, and Ian E. Silverberg, Deputy Alternate Public Defender, Washoe County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Marilee Cate, Appellate Deputy District Attorney, Washoe County,
for Respondent.

_____

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Appellant John Paul Alvarez pleaded guilty to misdemeanor possession of stolen property in municipal court. Alvarez was later

24-48874

convicted of three felonies—residential burglary, conspiracy to commit burglary, and grand larceny—in the district court, in connection with the same underlying incident. The primary issue in this appeal is whether Alvarez's prosecution and conviction for grand larceny violated double jeopardy because Alvarez previously pleaded guilty to possession of stolen property, an offense arising from the same act.

We reaffirm that a defendant cannot be convicted of both a theft crime and possessing or receiving the property stolen in the commission of the same theft crime. A theft crime, such as grand larceny, and possession of stolen property are mutually exclusive, alternative offenses. Separate convictions for mutually exclusive offenses based upon a single act cannot stand. Accordingly, the district court erred in denying Alvarez's motion to dismiss the grand larceny charge, given that Alvarez had already been convicted of possession of property stolen during the grand larceny. We therefore reverse Alvarez's grand larceny conviction. But because we conclude that Alvarez's additional arguments concerning the denial of a motion to suppress and prosecutorial misconduct during grand jury proceedings do not warrant relief, we otherwise affirm the judgment of conviction.

*FACTS AND PROCEDURAL HISTORY*

On February 28, 2022, a neighbor noticed Gavin Filarsky and Mary Berberian's garage door had been open all day, despite there being no cars in the garage or driveway. After contacting Filarsky and Berberian, the neighbor entered the home, saw signs that it had been burglarized, and called law enforcement. The next day, Filarsky remembered that he had an

Apple AirTag[1] in a camping refrigerator that had been stolen. Berberian and the police tracked the AirTag to Alvarez's residence. Police officers spoke to other residents of Alvarez's duplex and were given consent to search the common areas of the building. In the side yard, the officers found black tubs with yellow lids and an index card taped to the side of one of them with Berberian's handwriting on it. Police contacted Alvarez and found more of the victims' property in Alvarez's home and truck, as well as the AirTag and rings belonging to the victims in Alvarez's pocket.

During a police interview, Alvarez initially claimed he bought the property but later stated he had waited in his truck while a friend broke into the victims' home and stole the property. On March 1, 2022, Alvarez was arrested, and charges for the incident were submitted to two separate prosecuting entities: the city attorney and the county district attorney. On March 2, 2022, Alvarez was charged with misdemeanor possession of stolen property in Reno Municipal Court. Alvarez pleaded guilty to the possession offense and was sentenced to 30 days in county jail. On March 4, 2022, a criminal complaint was filed against Alvarez in Reno Justice Court, and subsequently, a grand jury indicted him for home invasion, residential burglary, conspiracy to commit burglary, and grand larceny, based on the same incident.

After the case was bound over to district court, Alvarez filed a motion to dismiss the grand larceny count on double jeopardy grounds, arguing the State was barred from prosecuting him because the larceny count involved the same allegations and elements as the possession-of-

---

[1]A small device that sends out a Bluetooth signal with the location of the AirTag to iCloud, which makes it possible to locate the device on a map through the "Find My" app.

stolen-property offense that was adjudicated in municipal court. The State contended that double jeopardy was not violated because grand larceny and possession of stolen property each contain an element that the other does not and because the dates of the offenses differed—the grand larceny occurred on February 27, 2022, the same date as the home invasion and burglary, and the possession of stolen property occurred on March 1, 2022, the date of Alvarez's arrest. The district court denied the motion, concluding that, under the *Blockburger* test,[2] each offense required proof of a fact not required by the other and grand larceny could be committed without committing possession of stolen property. The case proceeded to trial, and the jury found Alvarez guilty of residential burglary, conspiracy to commit burglary, and grand larceny. Alvarez was sentenced to a term of incarceration of 48-120 months on the residential burglary count, with concurrent terms of 19-48 months for grand larceny and 364 days for conspiracy to commit burglary.

## DISCUSSION

Alvarez raises three issues on appeal. First, Alvarez argues that the trial court erred in denying the motion to dismiss the grand larceny count on double jeopardy grounds. Second, Alvarez argues that the district court erred in denying a motion to suppress evidence based on the delayed filing of a search warrant return. Third, Alvarez argues that the State engaged in prosecutorial misconduct during the grand jury proceedings.

*The district court erred in denying Alvarez's motion to dismiss the grand larceny count*

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the

---

[2]*Blockburger v. United States*, 284 U.S. 299, 304 (1932).



same offence to be twice put in jeopardy of life or limb." This protection applies to Nevada citizens through the Fourteenth Amendment to the United States Constitution, *Benton v. Maryland*, 395 U.S. 784, 794 (1969), and is also guaranteed by the Nevada Constitution, Nev. Const. art. 1, § 8. Generally, this court reviews a claim that a conviction violates the Double Jeopardy Clause de novo. *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008). This de novo review applies to both the constitutional issues and the statutory interpretation involved. *Jackson v. State*, 128 Nev. 598, 603, 291 P.3d 1274, 1277 (2012).

Under the Double Jeopardy Clause, a criminal defendant may not be punished multiple times for the same offense without clear authorization from the legislature. *See LaChance v. State*, 130 Nev. 263, 267-68, 321 P.3d 919, 923 (2014) (citing *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). If Congress or a state legislature has clearly authorized multiple punishments for the same offense, dual punishments do not offend double jeopardy. *See Whalen v. United States*, 445 U.S. 684, 688-89 (1980).

Thus, the question is whether the relevant statutes penalize the same or several distinct offenses, and if so, whether a presumption arises against cumulative punishment. *Jackson*, 128 Nev. at 605, 291 P.3d at 1278. If, for example, the legislature has "created mutually exclusive alternative offenses, thereby prohibiting multiple punishment" for what would otherwise be separate offenses, then that prohibition controls. *Id.* at 605, 291 P.3d at 1278-79. In sum, the Double Jeopardy Clause prevents courts "from prescribing greater punishment than the legislature intended." *Hunter*, 459 U.S. at 366.

In determining whether the legislature has authorized multiple punishments, this court must first consider the statutory text. If the

statutes expressly authorize punishment for both offenses, the double jeopardy analysis ends there. *Jackson*, 128 Nev. at 607, 291 P.3d at 1279. When legislative intent is not clear, this court typically next turns to the *Blockburger* test, which is focused on the elements of each offense. *Id.* at 604, 291 P.3d at 1278 ("The *Blockburger* test 'inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.'" (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993))). But *Blockburger* alone may not be determinative. *Id.* at 605, 291 P.3d at 1278 ("Just as failing *Blockburger* does not preclude punishment under multiple provisions, passing *Blockburger* does not mandate it." (quoting *United States v. McLaughlin*, 164 F.3d 1, 9 (D.C. Cir. 1998))).

For example, in *Jackson*, we noted that "the same act can yield a conviction for sexual assault or lewdness but not both," as the offenses are mutually exclusive by their terms. *Id.* at 612, 291 P.3d at 1283 ("'Alternativity' refers to the mutually exclusive quality of certain offenses—the application of one logically excludes the application of another to the same factual situation." (quoting Otto Kirchheimer, *The Act, the Offense, and Double Jeopardy*, 58 Yale L.J. 513, 516-17 (1949))). Similarly, here, we have an example of mutually exclusive alternative offenses. Under Nevada law, we have consistently recognized that "a person cannot be convicted of a *theft crime* and possessing or receiving the property stolen in the commission of that theft crime." *Stowe v. State*, 109 Nev. 743, 746, 857 P.2d 15, 17 (1993); *see also State v. Sheeley*, 63 Nev. 88, 95, 162 P.2d 96, 99 (1945) (recognizing "the rule that one who commits larceny cannot be adjudged guilty of receiving the thing stolen").

For example, in *Point v. State*, the defendant was convicted of both grand larceny and possession of stolen property in connection with a home robbery. 102 Nev. 143, 146, 717 P.2d 38, 40 (1986), *disapproved of on other grounds by Stowe*, 109 Nev. at 746-47, 857 P.2d at 17. This court reversed the conviction for possession of stolen property because "it is error for trial courts to fail to charge the jury that they could not convict of both larceny and receiving stolen property." *Id.* (citing *Milanovich v. United States*, 365 U.S. 551, 555 (1961)). Absent "legislative intent to the contrary," this court "refuse[d] to attribute to the Nevada Legislature an intent to compound the punishment for larceny, robbery or embezzlement by permitting convictions for the receipt or possession of stolen property against the one who took the property in the first instance." *Id.* at 147, 717 P.2d at 41. "By enacting the statute addressing the receipt or possession of stolen property, NRS 205.275, it is apparent that the Legislature sought to reach and punish those who unlawfully receive or possess stolen property from the initial wrongdoer." *Id.* In *Point*, the court further reasoned that "society's interest in proscribing possession of stolen property, *i.e.*, isolating thieves from networks for disposal of their spoils, was not furthered in any way" by convicting a defendant of both larceny and receiving stolen property. *Id.* The court concluded that "[t]he jury should have been instructed that they could convict [the] defendant of either theft or possession, but not both." *Id.*

This court reaffirmed the principle that theft offenses and possession of stolen property are mutually exclusive crimes in *Stowe*. 109 Nev. at 745, 857 P.2d at 16-17. In that case, the defendant was convicted of one count of burglary and one count of possession of stolen property. *Id.* at 744, 857 P.2d at 16. This court declined to reverse either conviction,

SUPREME COURT
OF
NEVADA

(O) 1947A

7

emphasizing the distinction between burglary and a theft crime, like larceny. *See id.* at 745, 857 P.2d at 16-17 ("A burglary is complete upon the trespassory entrance into a building or vehicle with the intent to commit a felony, larceny, assault, or battery therein."). *Stowe* concluded that a defendant who trespasses in a building or vehicle with the intent to commit a felony or larceny (thus committing burglary), and who subsequently commits a theft crime therein and "possesses or receives the fruits of that theft: (1) may be convicted of both burglary and the theft crime or (2) may be convicted of both burglary and possessing or receiving stolen property." *Id.* at 747, 857 P.2d at 17. *Stowe* further held that the "person may not be convicted, however, of both the theft crime and possessing or receiving stolen property." *Id.*

The principle espoused in *Point* and *Stowe* was further reinforced by *Lane v. State.* 114 Nev. 299, 304, 956 P.2d 88, 91 (1998). There, this court concluded that, "[u]nder Nevada law, [the defendant] could not be convicted of both robbery and receiving stolen property," and therefore the defendant's "conviction [could] not be aggravated by both the robbery and the receipt of money stolen during that robbery." *Id.*

The State concedes that *Point* and *Stowe* support the principle that the legislature did not intend for a person to be convicted of both larceny and possession of stolen property for taking the same property. Despite that concession, the State attempts to distinguish *Point* and *Stowe* by arguing that each charge must involve the same property to implicate the legislative intent to prohibit convictions for mutually exclusive alternative offenses. The State asserts that there was only a small amount of overlap between the property at issue in the possession-of-stolen-property case and the property at issue here in the grand larceny case and that the

dollar threshold for the grand larceny offense could be met even if the property at issue in the possession-of-stolen-property case were excluded. Thus, according to the State, this means that Alvarez can be convicted of both offenses. We disagree because the determination rests on whether the charges are based on a single act, not what property is attributed to each offense.

In conclusion, we reaffirm *Point* and *Stowe* as good law that is applicable to the circumstances at issue. Because Alvarez's convictions for grand larceny and possession of stolen goods arose from the same act, Alvarez could have been convicted of grand larceny or possession of stolen goods, but not both. Accordingly, as Alvarez had already been convicted of possession of stolen goods, his subsequent grand larceny prosecution and conviction violated the Fifth Amendment's protection against Double Jeopardy. Thus, the district court erred in denying Alvarez's motion to dismiss the grand larceny charge, and we reverse the grand larceny conviction.

*The district court did not err in denying the motion to suppress*

Alvarez also contends that the district court erred in denying a motion to suppress evidence based on the State's untimely warrant return. Alvarez's argument focuses on NRS 179.075 and NRS 179.085. NRS 179.075(1) provides that a warrant "may be executed and returned only within 10 days after its date." NRS 179.085(1)(d) permits a person aggrieved by an unlawful search and seizure to move to suppress on the ground that "[t]he warrant was illegally executed." Alvarez contends that because the return of the warrant was not filed within 10 days as required under NRS 179.075(1), the warrant was illegally executed and therefore the district court should have granted the motion to suppress.

Because this issue involves statutory interpretation, our review is de novo. *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). When interpreting a statute, we look first to the statute's plain language to determine legislative intent and will enforce the statute as written if the language is clear and the meaning unambiguous. *Id.*

NRS 179.085(1)(d) allows for a motion to suppress on the ground that a warrant was "illegally *executed*"; the statute says nothing about the filing of a return. NRS 179.085 (emphasis added). And NRS 179.075(1) refers to the execution of a warrant as a separate act from the return of the warrant. The language that a warrant must be "executed *and* returned," NRS 179.075(1) (emphasis added), clearly demonstrates that the term "executed" is different from "returned." Based on the plain language of the statutes, we conclude that a motion to suppress on the ground that a warrant was "illegally executed" does not encompass a warrant that was properly executed but untimely returned. *See In re Christensen*, 122 Nev. 1309, 1323, 149 P.3d 40, 49 (2006) ("One basic tenet of statutory construction dictates that, if the legislature includes a qualification in one statute but omits the qualification in another similar statute, it should be inferred that the omission was intentional."). Therefore, the district court did not err in denying Alvarez's motion to suppress.

*Alvarez's claim regarding prosecutorial misconduct during the grand jury proceedings lacks merit*

Alvarez argues that the State committed prosecutorial misconduct during the grand jury proceedings. Because the trial jury found Alvarez guilty beyond a reasonable doubt, the jury's verdict rendered any alleged error at the grand jury harmless. *See Echavarria v. State*, 108 Nev. 734, 745 n.4, 839 P.2d 589, 596 n.4 (1992) (recognizing "that a jury verdict of guilty may render harmless an error in the grand jury proceedings"); *see*

Supreme Court
OF
Nevada

(O) 1947A

10

*also Dettloff v. State*, 120 Nev. 588, 595-96, 97 P.3d 586, 591 (2004) (rejecting a challenge to the "ultimate conviction" because the conviction after trial "under a higher burden of proof cured any irregularities that may have occurred during the grand jury proceedings"). Thus, this claim lacks merit.

## *CONCLUSION*

We reaffirm that a defendant cannot be convicted of both a theft crime and possessing or receiving property stolen during the theft. Thus, because Alvarez had already been convicted of a possession offense in a separate proceeding, the district court erred in denying Alvarez's motion to dismiss the grand larceny charge. We also conclude that the district court did not err in denying Alvarez's motion to suppress an untimely returned warrant, as it was properly executed. And we conclude that none of Alvarez's other arguments have merit. Accordingly, we order the judgment of conviction affirmed in part and reversed in part, and we remand this matter to the district court for proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, J.
Pickering

_____ J.
Parraguirre