GERALD CARTER LANE, Appellant *v.* THE STATE OF NEVADA, Respondent.

No. 23825

April 2, 1998

956 P.2d 88

*Steven G. McGuire,* State Public Defender, and *Timothy P. O'Toole,* Appellate Deputy Public Defender, Carson City;

*Michael R. Specchio,* Public Defender, *Janet Cobb Schmuck,* Deputy Public Defender, and *Jane McKenna,* Deputy Public Defender, Washoe County; *Michael Pescetta,* Executive Director, Nevada Appellate and Post Conviction Project, Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION ON REHEARING

*Per Curiam:*

In 1992, appellant Gerald Carter Lane shot three people. The first two were wounded, and the third died as a result of the shooting. Lane was convicted of one count each of first-degree murder with use of a deadly weapon, robbery with use of a deadly weapon, attempted murder with use of a deadly weapon, and attempted robbery with use of a deadly weapon. Lane was sentenced to death for the murder, and to two consecutive fifteen-year terms, two consecutive twenty-year terms, and two consecutive seven-and-one-half-year terms for the other crimes. On direct appeal, this court affirmed Lane's convictions and sentences. Lane v. State, 110 Nev. 1156, 881 P.2d 1358 (1994).

Subsequently, Lane filed a suggestion for rehearing on the court's own motion, or in the alternative, motion for leave to file a petition for rehearing. This court elected to treat Lane's suggestion as a petition for rehearing, ordered the state to file an answer addressing certain issues, and permitted appellant to file a reply. Lane v. State, Docket No. 23825 (Order, March 31, 1995). After considering appellant's petition and the briefs on rehearing, the record on appeal, and our opinion, we conclude that the opinion overlooked or misapprehended material matters in the record on appeal or the relevant law and grant rehearing. Accordingly, we vacate appellant's death sentence and remand for a new penalty hearing.

## FACTS

In 1992, Lane, accompanied by James Millhouse, went on a "spree" in downtown Reno in which Lane shot Frederick Spruell in the stomach, shot William Boone in the hand, and fatally shot Raymond Dunham, a cab driver, in the head and took Dunham's money. Millhouse was acquitted. Lane was convicted of each crime charged.

During the penalty phase of the trial, the jury was instructed on aggravating circumstances as follows:

> The jury may impose a sentence of death only if it finds, beyond a reasonable doubt, that there is at least one aggravating circumstance and further finds that any mitigating circumstances do not outweigh the aggravating circumstances;
>
> The applicable circumstances by which murder of the first degree may be aggravated are:
>
> 1. The murder was committed by GERALD CARTER LANE who created a great rick [sic] of death to more than one person by means of a weapon or course of action which would normally be hazardous to the lives of more than one person;
>
> 2. The murder was committed while GERALD CARTER LANE was engaged in flight after attempting to commit robbery and GERALD CARTER LANE attempted to kill FREDERICK SPRUELL; or that he knew or had reason to know that life would be taken or lethal force used.
>
> 3. The murder was committed while GERALD CARTER LANE was engaged in the commission of or flight after committing robbery, and GERALD CARTER LANE killed RAYMOND DUNHAM; or that he knew or had reason to know that life would be taken or lethal force used.
>
> 4. The murder was committed upon one or more persons at random and without apparent motive.
>
> 5. The murder was committed by GERALD CARTER LANE, for himself or another, to receive money or other thing of monetary value.

These aggravating circumstances are found at, respectively, NRS 200.033(3), (4), (4), (9), and (6). The jury found all five aggravating circumstances and sentenced Lane to death.

On appeal, Lane contended that (1) the capital sentencing process was administered in a racially discriminatory manner in violation of the Fourteenth Amendment's Equal Protection Clause; (2) he was denied a fair trial because the jury was not impartial due to improper juror influence; (3) the district court erred in denying his motion to suppress statements made during

interrogation because the statements were involuntary; (4) he was denied a fair penalty hearing because the district court admitted evidence which violated NRS 176.015 and which was unduly prejudicial; and (5) he was denied a fair penalty hearing because the district court allowed duplicative aggravating factors in the jury instructions.

Specifically, Lane argued that in the above instruction, the fifth aggravating circumstance duplicated the second and third aggravating circumstances in that a robbery cannot be accomplished without trying to take money or something of monetary value. In addition, Lane argued that the third and fourth aggravating circumstances were inconsistent because if the murder was committed in the course of a robbery, the motive is to rob, and the murder cannot be without apparent motive.

A majority of this court rejected each of Lane's contentions concerning aggravating circumstances. Lane v. State, 110 Nev. 1156, 1167-68, 881 P.2d 1358, 1366 (1994). In conducting its mandatory review of the death sentence, this court concluded that the evidence supported the first, third, fourth and fifth aggravating circumstances, but held that the second aggravating circumstance was invalid. *Id.* at 1168, 881 P.2d at 1366-67. The opinion then states: "In light of the fact that no mitigating circumstances were found by the jury, we hold that the jury's finding of an invalid aggravating factor constituted harmless error. Such reweighing compels us to affirm Lane's death sentence." *Id.* at 1169, 881 P.2d at 1367 (citations omitted).

On December 19, 1994, Lane filed a "Suggestion for Rehearing on the Court's Own Motion; or, in the Alternative, Motion for Leave to File Petition for Rehearing and Petition for Rehearing." The state filed an answer. This court entered an order stating that it would treat Lane's suggestion for rehearing as a petition for rehearing and would consider the petition on its merits, and requiring the state to file an answer addressing the following issues: (1) whether this court misapprehended a material matter in the record regarding mitigating evidence, (2) whether the third and fifth aggravating circumstances are duplicative in violation of appellant's constitutional rights, (3) whether the first aggravating circumstance is unconstitutional as applied to appellant, and (4) whether the fourth aggravating circumstance is unconstitutional as applied to appellant. Lane v. State, Docket No. 23825 (Order, March 31, 1995).

## DISCUSSION

On rehearing, the parties may not reargue the same issues, nor may they raise a new issue not previously raised. NRAP 40(c)(1). However, this court may consider rehearing when it appears that

the court has overlooked or misapprehended a material matter in the record or otherwise, or in other circumstances to promote substantial justice. NRAP 40(c)(2).

Lane argues that this court's reweighing and resentencing violates his constitutional rights, that this court erroneously affirmed the robbery and the receiving money aggravating circumstances, that the jury should not have been instructed on the "great risk of death" aggravating circumstance, and that this court's reweighing was defective because this court erroneously believed that the jury found no mitigating circumstances. We address these contentions in turn.

First, this court recently addressed the propriety of this court's reweighing of aggravating and mitigating circumstances, concluding that appellate reweighing does not involve impermissible fact-finding under state constitutional or statutory law. Canape v. State, 109 Nev. 864, 881-82, 859 P.2d 1023, 1034-35 (1993), *cert. denied,* 513 U.S. 862 (1994). We decline to revisit this issue.

We agree, however, with Lane's contention that this court erroneously affirmed the robbery and the receiving money aggravating circumstances (aggravating circumstances three and five). Lane argues on rehearing that the receiving money aggravating circumstance does not apply because it is inconsistent with the "taking" aspect of the robbery aggravating circumstance. Lane asserts that the receiving money aggravating circumstance only makes sense if it is construed in a "murder for hire" situation, and not, as in the instant case, where there is a robbery-murder.

On appeal, Lane raised the issue of duplicative aggravating circumstances, citing several cases for the proposition that "double counting is not permissible." This court found that Lane's argument lacked merit, citing Guy v. State, 108 Nev. 770, 839 P.2d 578 (1992), *cert. denied,* 507 U.S. 1009 (1993), and Bennett v. State, 106 Nev. 135, 787 P.2d 797, *cert. denied,* 498 U.S. 925 (1990). *Lane,* 110 Nev. at 1167, 881 P.2d at 1366.

Our reliance upon *Guy* and *Bennett* was in error. In *Guy,* this court concluded that there was an evidentiary basis for both the robbery and the receiving money aggravating circumstances. *Guy,* 108 Nev. at 781, 839 P.2d at 585. We did not consider whether the aggravating circumstances were duplicative, and *Guy* therefore does not stand for the proposition that they are not. Neither does *Bennett.* In *Bennett,* where the defendant argued that the district court erred in considering the underlying felonies of robbery and burglary as separate aggravating circumstances, this court concluded that if a defendant can be prosecuted for

each crime, then each crime can be used as an aggravating circumstance. *Bennett,* 106 Nev. at 142, 787 P.2d at 801.

Under Nevada law, Lane could not be convicted of both robbery and receiving stolen property. This court reversed a conviction for possessing stolen property on the ground that the legislature did not intend to compound the punishment for larceny or robbery by permitting a conviction for receipt or possession of the stolen property against the person who took the property. Point v. State, 102 Nev. 143, 146-48, 717 P.2d 38, 40-41 (1986). Similarly, Lane's conviction may not be aggravated by both the robbery and the receipt of money stolen during that robbery. We agree with those courts which have concluded that finding both the robbery and the receiving money aggravating circumstances in the context of a robbery-murder is improper. *See* Cook v. State, 369 So. 2d 1251, 1256 (Ala. 1979) (applying pecuniary gain aggravator to a situation already condemned under robbery aggravator inappropriate); People v. Bigelow, 691 P.2d 994, 1006 (Cal. 1984) (submitting financial gain aggravator to jury where robbery aggravator applied error because former applies only where victim's death is consideration for financial gain sought by defendant); Provence v. State, 337 So. 2d 783, 786 (Fla. 1976) (applying robbery and pecuniary gain aggravators in a robbery-murder improper because they refer to the same aspect of the crime), *cert. denied,* 431 U.S. 969 (1977); Willie v. State, 585 So. 2d 660, 680-81 (Miss. 1991) (jury cannot be allowed to doubly weigh the commission of the underlying felony—robbery—and the motive behind that felony—pecuniary gain—as separate aggravators). We hold that it is improper to find both the aggravating circumstance of robbery and the aggravating circumstance of receiving money when both aggravating circumstances are based on the same facts. Accordingly, we conclude that the aggravating circumstance of receiving money is invalid in this case.

Further, we agree with Lane that the "great risk of death" aggravator (aggravating circumstance one) was improperly applied in his case. Lane contends that the meaning of "course of action" within that aggravating circumstance is ambiguous. The prosecution relied upon the "course of action" prong in support of this aggravating circumstance. This court has upheld this aggravator based on "course of action" where a defendant threatened a person's life because of the proximity between that person and the victim at the time of the murder. *See* Flanagan v. Nevada, 112 Nev. 1409, 930 P.2d 691 (1996) (shooting grandmother knowing that grandfather was upstairs and shooting grandfather as he came downstairs); Evans v. State, 112 Nev. 1172, 926 P.2d

265 (1996) (discharging weapon in an apartment occupied by six people constitutes a course of conduct hazardous to the life of more than one person), *cert. denied,* ...... U.S. ......, 117 S. Ct. 1854 (1997).

The facts in the instant case are not analogous to those in which this court has upheld this aggravator. Here, the "course of action" took place over the span of about an hour and in three distinct incidents in different locations. Lane shot Spruell at approximately 4:00 a.m. on Lake Street in Reno near the Oxford Motel, shot Boone at approximately 4:30 a.m. on Center Street, and killed Dunham at approximately 5:00 a.m. at the Lakeview Apartments on Brinkby Street. These shootings do not constitute a "course of action" under NRS 200.033(3). Rather, this case is analogous to those cases in which this court has rejected this aggravator. *See* Jiminez v. State, 105 Nev. 337, 775 P.2d 694 (1989) (holding that aggravator did not apply where defendant fatally stabbed one person with one knife, then stabbed another person with another knife); Moran v. State, 103 Nev. 138, 734 P.2d 712 (1987) (holding that aggravator did not apply where no other persons in apartment, no neighbor at immediate risk of death, and defendant not aware of any other person within close proximity when victim shot); *see also* Domingues v. State, 112 Nev. 683, 917 P.2d 1364 (state agreed to strike "great risk of death" aggravator where defendant killed mother by strangling her, then killed child by stabbing), *cert. denied,* 519 U.S. 968, 117 S. Ct. 396 (1996). Accordingly, we hold that this aggravating circumstance may not stand.

Lane also argues on rehearing that this court's reweighing was defective because this court incorrectly believed that the jury found no mitigating circumstances. The opinion states that "no mitigating circumstances were found by the jury." *Lane,* 110 Nev. at 1169, 881 P.2d at 1367. The verdict does not state that the jury found no mitigating circumstances, but that "any mitigating circumstances do not outweigh the aggravating circumstances." Therefore, our statement in *Lane* was incorrect.

We have concluded above that the receiving money aggravating circumstance improperly duplicates the robbery aggravating circumstance. We have also concluded that insufficient evidence exists to support the "great risk of death" aggravating circumstance, and that therefore the jury should not have been instructed on this aggravator. There still remain two aggravating circumstances that the state proved beyond a reasonable doubt: robbery and "random and without apparent motive." Having concluded that a total of three aggravating circumstances are invalid, we vacate the sentence of death previously imposed in this case and remand for a new penalty hearing. NRS 177.055(3)(b)(1).

We conclude that Lane's other contentions on rehearing, among them that the "random and without apparent motive" aggravator did not apply in his case, that this court should reconsider the issue of racially discriminatory charging, and that this court should consider whether it is constitutionally permissible to substitute an alternate juror during deliberations when other jurors have already reached a partial verdict, lack merit.