An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD THOMAS WILSON,
Appellant,
vs.
E.K. MCDANIEL, WARDEN; GLENN
WHORTON, DIRECTOR OF PRISONS;
AND CATHERINE CORTEZ MASTO,
ATTORNEY GENERAL OF THE STATE
OF NEVADA,
Respondents.

No. 63101

**FILED**

SEP 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying appellant Edward Thomas Wilson's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Wilson pleaded guilty to first-degree murder, robbery with the use of a deadly weapon, and kidnapping with the use of a deadly weapon and a three-judge panel sentenced him to death. This court affirmed the judgment of conviction and death sentence. *Wilson v. State,* 99 Nev. 362, 664 P.2d 328 (1983). Wilson unsuccessfully sought relief in three prior post-conviction proceedings. *Wilson v. State (Wilson IV),* 127 Nev. ___, 267 P.3d 58 (2011); *Wilson v. State (Wilson III),* Docket No. 29802 (Order Dismissing Appeal, April 9, 1998); *Wilson v. State (Wilson II),* 105 Nev. 110, 771 P.2d 583 (1989). Wilson filed the instant petition in the district court on September 9, 2008. The district court dismissed the petition as procedurally barred, and this appeal followed.

*Procedural bars*

Because Wilson filed his petition over one year after the remittitur issued in his direct appeal, the petition was untimely under

14-30248

NRS 34.726(1). To the extent that the petition raised the same claims that were raised in prior petitions, the petition was successive. NRS 34.810(2). The petition was therefore procedurally barred absent a demonstration of good cause and prejudice. NRS 34.726(1); NRS 34.810(1)(b), (3).

As cause to overcome the procedural default rules, Wilson contends that: (1) his guilty plea was invalid as it was premised on an understanding of first-degree murder that was held invalid by *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000); (2) his prior counsel were ineffective; and (3) the inconsistent and discretionary application of procedural bars prohibits the use of procedural bars to deny him relief.

*Validity of guilty plea*

Wilson argues that his guilty plea was invalid because it was premised on an understanding of the elements of first-degree murder as described by the *Kazalyn* instruction,[1] which this court held was erroneous under *Byford*, 116 Nev. 215, 994 P.2d 700. He asserts that the Ninth Circuit Court of Appeals' decision in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), provided a basis for this court to revisit this claim.

In *Byford*, we disapproved of the *Kazalyn* instruction regarding the mens rea required for a first-degree murder conviction based on willful, deliberate, and premeditated murder, and provided the district courts with instructions to use in the future. *Byford*, 116 Nev. at 233-37, 994 P.2d at 712-15. In *Nika v. State*, 124 Nev. 1272, 1301, 198 P.3d 839, 859 (2008), we concluded that *Byford* does not apply to cases that were final when it was decided. Wilson's conviction was final roughly 17 years before *Byford* was decided and therefore *Byford* does not apply.

---

[1]*Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992), *prospectively modified by Byford*, 116 Nev. at 236-37, 994 P.2d at 714.

Wilson acknowledges *Nika* but argues that the decision ignores the constitutional vagueness concerns attendant to the *Kazalyn* instruction and fails to determine whether *Byford* should apply retroactively as a substantive rule of criminal law. He asserts that this court should overrule *Nika* and adopt the Ninth Circuit's analysis in *Polk*. Neither argument warrants relief. Until *Byford*, this court consistently upheld the *Kazalyn* instruction and rejected constitutional challenges similar to this one. *Byford* did not alter the law in effect when Wilson's conviction became final; rather, it changed the law prospectively. And because that change concerned a matter of state law, the *Byford* decision did not implicate federal constitutional concerns. Further, the Ninth Circuit's recent decision in *Babb v. Lozowsky*, 719 F.3d 1019, 1029-30 (9th Cir. 2013), *cert. denied,* ___ U.S. ___, 134 S. Ct. 526 (2013), disapproved of *Polk*, and noted its effective overruling by *Nika*. Accordingly, Wilson cannot demonstrate that a continued adherence to the prior ruling would work a manifest injustice in this case.

*Ineffective assistance of prior counsel*

Wilson contends that the district court erred in denying his petition as procedurally barred because the ineffective assistance of prior counsel provided him with good cause to excuse the procedural bars. He asserts that his appellate and post-conviction counsel failed to challenge the definition of premeditation. We disagree. Wilson failed to explain how appellate and post-conviction counsels' alleged deficiencies precluded him from filing his fourth petition until over 25 years after the resolution of his direct appeal and over 9 years after the order affirming the district court's denial of his first post-conviction petition. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003) ("[T]o constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted."); *see also Edward v. Carpenter*, 529 U.S. 446, 452-53 (2000)

(concluding that procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause for another procedurally defaulted claim). To the extent Wilson contends that any procedural default should be excused due to second and third post-conviction counsel's ineffective assistance, he was not entitled to the effective assistance of second and third post-conviction counsel. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997) (stating that "petitioner who has counsel appointed by statutory mandate is entitled to the effective assistance of that counsel"); NRS 34.820(1) (requiring appointment of counsel to represent capital petitioner on first petition). Therefore, counsel's ineffectiveness, if any, did not excuse the procedural default.

*Inconsistent application of procedural bars*

Wilson argues that the district court erred by relying upon procedural-default rules because this court applies them inconsistently and in its discretion. We have repeatedly rejected this argument, *see, e.g.*, *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 236, 112 P.3d 1070, 1077 (2005); *Pellegrini v. State*, 117 Nev. 860, 886, 34 P.3d 519, 536 (2001), and reject it here as well.

*Fundamental miscarriage of justice*

When a petitioner cannot demonstrate good cause, the district court may nevertheless excuse a procedural bar if the petitioner demonstrates that failing to consider the petition would result in a fundamental miscarriage of justice. *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. A fundamental miscarriage of justice requires "a colorable showing" that the petitioner "is actually innocent of the crime or is ineligible for the death penalty." *Id.* When claiming a fundamental miscarriage based on ineligibility for the death penalty, the petitioner "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found him death eligible." *Id.*

Wilson asserts that he is actually innocent of the death penalty. He contends that the felony aggravating circumstances are invalid under *McConnell v. State*, 120 Nev. 1043, 102 P.3d 606 (2004), and the pecuniary-gain aggravating circumstance is improperly based on the same facts as one of the felony aggravating circumstances (robbery) in violation of *Lane v. State*, 114 Nev. 299, 956 P.2d 88 (1998). He asserts that there was a reasonable probability that he would not have been sentenced to death absent these aggravating circumstances.

We conclude that Wilson is not entitled to relief for two reasons. First, Wilson did not raise a claim of actual innocence related to the penalty phase of trial in his petition below. Accordingly, we will not address this argument on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991) (noting that this court need not consider arguments raised on appeal that were not presented in the district court in the first instance), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004). Second, Wilson raised this argument in his third post-conviction petition and this court concluded that it was without merit. *Wilson IV*, 127 Nev. at ___ n.3, 267 P.3d at 61-62, 63 n.3; *see Wickliffe v. Sunrise Hosp., Inc.*, 104 Nev. 777, 780, 766 P.2d 1322, 1324 (1988) ("When an appellate court states a principle or rule of law necessary to a decision, the principle or rule becomes the law of the case and must be followed throughout its subsequent progress, both in the lower court and upon subsequent appeal."). While this court has the discretion to "revisit the wisdom of its legal conclusions when it determines that further discussion is warranted," *Pellegrini*, 117 Nev. at 885, 34 P.3d at 535-36, and may "'depart from [its] prior holdings only where [it] determine[s] that they are so clearly erroneous that continued adherence to them would work a manifest injustice,'" *Tien Fu Hsu v. Cnty. of Clark*, 123 Nev. 625, 631, 173 P.3d 724, 729 (2007) (quoting *Clem v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

5

*State*, 119 Nev. 615, 620, 81 P.3d 521, 525 (2003)), Wilson has not cited any authority decided since the denial of his last petition that necessitates a departure from our prior holding.

Having considered Wilson's arguments and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.          _____, J.
Hardesty                                      Parraguirre

_____, J.          _____, J.
Douglas                                       Cherry

_____, J.
Saitta

cc:    Hon. Elliott A. Sattler, District Judge
       Boies, Schiller & Flexner, LLP
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in this matter.